# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**HERIBERTO MORALES,**

    Petitioner,

v.                                        Case No. 4:18cv273-WS/CAS

**WARDEN WEATHERS,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DENY § 2241 PETITION

On or about May 8, 2018, Petitioner Heriberto Morales, a federal inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. On August 13, 2018, Respondent filed an answer, with exhibits. ECF No. 8. Petitioner filed a supplement, ECF No. 6, and he also filed a reply on August 21, 2018, ECF No. 9.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned concludes Petitioner is not entitled to federal habeas relief and, accordingly, this § 2241 petition should be denied.

## Background and Procedural History

Petitioner Heriberto Morales, an inmate at the Federal Correctional

Institution (FCI) in Marianna, Florida, filed this § 2241 petition challenging the computation of his federal sentence and requesting credit for "359 days" time served, from "06/28/2003 through[] 12/17/2004." ECF No. 1 at 3; *see id.* at 7. Morales' current projected release date is October 19, 2022. *See* www.bop.gov/inmateloc.

According to documents provided by Respondent, on January 15, 2002, Morales was arrested by the Drug Enforcement Administration on drug charges in case number 1:02-CR-0003-15-C, in the U.S. District Court for the Northern District of Texas. ECF No. 8-1 at 2 (Decl. of D. Colston). Morales has remained in continuous federal custody. *Id.* at 4. On August 30, 2002, the Texas federal court, U.S. District Judge Sam R. Cummings, sentenced Morales to 327 months in prison, after he was found guilty of conspiracy to distribute and possess with intent to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. § 846. *Id.* at 2; *see* ECF No. 8-1 at 15-19 (Judgment).

On November 30, 2004, the U.S. District Court for the Western District of Louisiana, Judge Patricia Minaldi, sentenced Morales to eighteen (18) months in prison in case number 2:03-CR-20091-002, following Morales' entry of a guilty plea to a charge of conspiracy to escape from a federal prison, in violation of 18 U.S.C. § 371, for events that concluded

June 19, 2003.  ECF No. 8-1 at 21-27 (Judgment).  The judgment provides that the 18-month sentence "is to run consecutive to any term he is now serving" and, further, he "shall be given credit for time served and it shall apply to the sentence he is now serving."  *Id.* at 22.

On March 15, 2016, based on Morales' motion pursuant to 18 U.S.C. § 3582(c)(2), the Texas federal court reduced his sentence in case number 1:02-CR-003, from 327 months in prison to 262 months in prison.  ECF No. 8-1 at 29-30.  Thereafter, the Bureau of Prisons (BOP) prepared a sentence computation for Morales, in accordance with Program Statement 5880.28, Sentence Computation Manual, and 18 U.S.C. § 3585(a).  Morales' total federal sentence consisted of 262 months (in the Texas federal case) followed by 18 months (in the Louisiana federal case), resulting in an aggregate prison sentence of 280 months.  *See* ECF No. 8-1 at 3.  The BOP awarded credit for custody from Morales' arrest on January 15, 2002, through August 29, 2002, the day before his original sentencing in the Texas federal case.  *Id.* at 2-3.

As indicated above, Morales filed this § 2241 petition on or about May 8, 2018.  ECF No. 1.  He challenges the computation of his federal sentence and requesting credit for "359 days" time served, from "06/28/2003 through[] 12/17/2004."  ECF No. 1 at 3; *see id.* at 7.

Respondent filed an answer, with attachments. ECF No. 8. Respondent asserts the BOP has properly computed Morales' aggregate federal sentence in accordance with federal statutes. *Id.* at 5-8. Respondent explains that Morales "apparently seeks credit for 359 days prior to December 1, 2004, or some length of time between June 28, 2003, and December 17, 2004," which is "[p]resumably . . . related to his pre-sentence time for his sentence of the escape conspiracy" imposed by the Louisiana federal court. *Id.* at 7. Respondent points out that Morales federal sentence began August 30, 2002, and has never stopped running; the sentence imposed by the Louisiana federal court is consecutive to his existing prison term. *Id.*

Morales has filed a reply. ECF No. 9. Morales states the sentence imposed by the Louisiana federal court is to run consecutive to his Texas federal sentence and he "is being denied credit that the Honorable Judge Minaldi Ordered in Her final Order" in the Louisiana case. *Id.* Morales asserts "[t]he time credit that the Honorable Judge Minaldi ordered was/is to be credit from the 18 months Judgment Order [From 06/28/2003 throughout 12/17/2004 359 days [C]redit and not from the 2002 Drug Conviction where the District Judge knows the defendant can not receive double credit and only credit towards her Judgment Order." *Id.*

## Analysis

The Judiciary Act of 1789 granted federal courts the power to issue the writ of habeas corpus.  See United States v. Hayman, 342 U.S. 205 (1952).  The habeas remedy is now codified in 28 U.S.C. § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States."  As noted in Hayman, prisoners must bring habeas corpus applications in the district of confinement.  342 U.S. at 213.  Because courts with federal prisons in their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28.  See id. at 212–14, 218; see also Wofford v. Scott, 177 F.3d 1236, 1239 (11th Cir. 1999).

The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute channels challenges to the legality of the imposition of a sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement.  See

Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (explaining § 2255 is primary method of collateral attack on federally imposed sentence). Thus, § 2241 provides an avenue for challenges to matters such as the administration of sentences or parole, prison disciplinary actions, prison transfers, and certain types of detention. See Antonelli, 542 F.3d at 1352 (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is matter for habeas corpus).

In this case, Morales' § 2241 petition challenges the execution of his sentence, specifically the BOP's calculation of his sentence. After a federal court imposes a sentence, the U.S. Attorney General, acting through the BOP, administers the federal defendant's sentence and initially has the exclusive authority to determine when the federal sentence commences and compute sentence credit awards after sentencing. 18

U.S.C. §§ 3585(a), 3621(a)-(b); United States v. Wilson, 503 U.S. 329, 335 (1992); Rodriguez v. Lamar, 60 F.3d 745, 747 (11th Cir. 1995).

A federal inmate challenging the BOP's sentence calculation must first exhaust administrative remedies with the BOP, and then the district court may review the constitutionality of the BOP's decision regarding computation of the federal sentence and statutory construction. *See* Rodriguez, 60 F.3d at 747. "[I]f congressional purpose is clear, then interpreting courts and administrative agencies 'must give effect to the unambiguously expressed intent of Congress.'" *Id.* (quoting Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-43 (1984)). If the statutory provision is silent or ambiguous, the court must defer to the agency's reasonable interpretation unless the interpretation is "'arbitrary, capricious, or manifestly contrary to the statute.'" *Id.* (quoting Chevron, 467 U.S. at 844).

Petitioner Morales is not entitled to relief in this case. Morales' federal sentence was imposed August 30, 2002, in the Texas federal case. *See* ECF No. 8-1 at 2, 15-19, 29-30. He has been in federal custody since his arrest and, accordingly, has been credited for time in custody from January 15, 2002, through August 29, 2002. *See* ECF No. 8-1 at 3, 34.

Morales seeks additional credit for 359 days that he asserts the

Louisiana federal court intended to apply to his aggregate sentence. When the Louisiana federal court imposed sentence on October 20, 2016, for the conspiracy to escape offense concluding on June 19, 2003, that court specifically stated, the 18-month sentence "is to run consecutive to any term *he is now serving*" and Morales "shall be given credit for time served and it shall apply to the sentence *he is now serving*." ECF No. 8-1 at 22 (emphasis added). The sentence "he is now serving" is the Texas federal sentence, which is the first part of Morales' aggregate sentence.

The federal statute governing the calculation of a term of imprisonment provides:

> **Credit for Prior Custody**.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

*Id*. § 3585(b) (emphasis added). From the documents provided, as explained above, Morales has been credited for time in pre-sentence custody from January 15, 2002, through August 29, 2002. *See* ECF No.

8-1 at 3, 34. Further, all the time thereafter, since imposition of the Texas federal sentence on August 30, 2002, has been credited to Morales. Accordingly, pursuant to § 3585(b), Morales cannot also receive credit on his consecutive Louisiana federal sentence for this time. *See, e.g.*, Scruggs v. Adkinson, 423 F. App'x 858 (11th Cir. 2011) ("Because the language of § 3585(b) is clear, we must give effect to the unambiguously expressed intent of Congress to prevent a defendant from receiving a prior custody credit for time that has been credited against another sentence.").

Respondent attaches the Declaration of Deborah Colston, Management Analyst at the Designation and Sentence Computation Center, Federal BOP, dated August 3, 2018, in support of its position. ECF No. 8-1 at 2-4. Colston explains that she reviewed the sentence computation for Petitioner Morales and her review revealed that "[t]he computation has been computed in accordance with federal statute, Bureau of Prisons policy, and the intent of the sentencing court." *Id.* at 2. Colston explains that Morales had pursued administrative remedies at all levels and was denied. *Id.* at 3. Colston further explains Morales has been in continuous federal custody since his arrest and has received all prior custody credit due:

> 10.   Pursuant to 18 U.S.C. 3585(a), Commencement of a

sentence, **"a sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is to be served."** According to Title 18 U.S.C. § 3584(c), as referenced in Bureau Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), "Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." To aggregate consecutive sentences imposed on different days, the bureau commences the aggregate sentence based on the first term of imprisonment, or the "anchor" sentence. The consecutive portion, the 18 month sentence is added to the first term of imprisonment; the 262 month reduction, for a total term of 280 months. The Petitioner is not serving a sentence longer than what the court imposed. Petitioner's sentence commenced on August 30, 2002, and he receives the benefit of prior custody credit. ***Attachments 7 & 8*** [BOP Program Statement 5880.28]

11. Prior custody credit is governed by Title 18 U.S.C. § 3585(b) which states: **"A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences – (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence."** In accordance with Title 18 U.S.C. § 3585(b), prior custody credit is applied to the Petitioner's aggregate sentence from January 15, 2002, through August 29, 2002, the day before his sentence commenced. ***Attachment 9*** [BOP Program Statement 5880.28]

12. The Petitioner was arrested by federal authorities, and remained in federal custody until he was sentenced. The date of his arrest on January 15, 2002, through August 29, 2002, the day before his sentence began, has been credited toward his

> federal sentence. Once the first sentence began, prior custody credit no longer accrues. The Petitioner's federal sentence never stopped running. The additional charges were added to his existing term, therefore there was no additional prior custody credit owed to him. There is no error in the amount of credit applied to Petitioner's sentence.

*Id.* at 4; *see id.* at 32-35.

Based on the foregoing, Petitioner Morales has not shown the BOP abused its discretion in computing his aggregate federal sentence. This § 2241 petition should be denied.

## Conclusion

It is therefore respectfully **RECOMMENDED** that the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 1) be **DENIED**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a

Case No. 4:18cv273-WS/CAS

constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

Therefore, it is respectfully **RECOMMENDED** that Petitioner's § 2241 petition, ECF No. 1, be **DENIED**. It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on September 25, 2018.

<u>S/ Charles A. Stampelos</u>
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**